## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMAD CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:20-CV-143 AGF |
| | ) | |
| MICHAEL MAYS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the amended complaint of self-represented plaintiff Lamad Cross.  ECF No. 4.  The Court previously reviewed plaintiff's civil complaint under 28 U.S.C. § 1915.  ECF No. 3.  Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions.  The Court warned plaintiff that his amended complaint would also be reviewed under § 1915.  For the reasons discussed below, the Court will order the Clerk to issue process or cause process to issue against defendant Aaron Mays as to plaintiff's claim of excessive force and against defendants Brandon Perkins, Unknown Smith, and Unknown Tinsley as to plaintiff's claim of failure to intervene.

Plaintiff has also filed a second motion to proceed *in forma pauperis* (ECF No. 5) and a motion for appointment of counsel (ECF No. 6).  Because the Court already granted plaintiff's first motion to proceed *in forma pauperis* and plaintiff's initial partial filing fee has been received by the Court, this second motion will be denied as moot.  In addition, the Court will deny plaintiff's motion for appointment of counsel at this time, without prejudice to refiling at a later date.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief.  To state a claim for

relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the

elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which

is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a

complaint states a plausible claim for relief is a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense.  *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915,

the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984),

and liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v.

Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an

allegation is discernible, the district court should construe the plaintiff's complaint in a way that

permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*,

795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented complainants are required to

allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623

F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004)

(refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff

that assumed facts that had not been pleaded).

**Background**

When plaintiff filed his initial complaint, he was a pretrial detainee at Dunklin County

Justice Center in Kennett, Missouri.  Independent review on Missouri Case.net, the State of

Missouri's online docketing system, shows that plaintiff was arrested on June 22, 2020, by the

Kennett Police Department and charged in Dunklin County on July 20, 2020, with second degree kidnapping and resisting arrest.  *State v. Cross*, No. 20DU-CR00655-01 (35th Jud. Cir., 2020).  The Kennett Police Department arresting officer was Aaron Mays.  It appears that plaintiff is currently out on bond and awaiting a March 15, 2021, state court trial date.

Plaintiff's initial complaint in this matter was brought under 42 U.S.C. § 1983, alleging violations of his civil rights against four defendants: (1) Kennett Police Officer Michael Mays, (2) Kennett Police Officer Brandon Perkins, (3) Dunklin County Sheriff Unknown Smith, and (4) Dunklin County Sheriff Unknown Tinsley.  ECF No. 1 at 1-3.  Plaintiff alleged that defendants violated his fourth and fourteenth amendment rights during his arrest on June 22, 2020.  Plaintiff asserted that Officer Mays used excessive force when arresting him and that the other three defendants failed to protect him from the use of force.

On August 31, 2020, the Court reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and directed him to file an amended complaint.  *See* ECF No. 3.  Specifically, the Court ordered plaintiff to clarify the name of the arresting police officer defendant who allegedly used excessive force on him, and to provide factual allegations relating to his actions upon arrest and resulting injuries.

### The Amended Complaint

Plaintiff filed his amended complaint against essentially the same four defendants (with a corrected name): (1) Kennett Police Officer Aaron Mays, (2) Kennett Police Officer Brandon Perkins, (3) Dunklin County Sheriff Unknown Smith, and (4) Dunklin County Sheriff Unknown Tinsley.[1]  ECF No. 4 at 4.  All four defendants are named in their individual capacities only.  *Id.* at 4.

---

[1] It appears that plaintiff filed his amended complaint on a combination of different court-provided forms, making the list of intended defendants confusing.  *See* ECF No. 4 at 1-5, 7.  The Court will construe plaintiff's defendant list provided on page 4, section II (B) of his amended complaint, as complete.  *Id.* at 4.  It contains the same four

Plaintiff alleges the same claims as in his initial complaint.  The 'Statement of Claim' section of the amended complaint allges, in plaintiff's own words:

> On June 22, 2020 I, Lamad Cross was bein[g] arrested by the Kennett Police.  I was order[ed] by the officer to stick my hands out the window.  I complied [–] that's officer Aaron Mays [that] came to the driver side door, open it snack [sic] me out, detained by placing handcuffs on my wrists, then he grab[bed] me by my throat and bam my head to the concreat [sic] serve time to the point I was out conscience[.] [D]uring this event was occurring officer Brandon Perkins had a gun [] pointed to my head and him and other officers, Smith and Tinsley [stood] by and watched officer Mays violate[] my 4th amendment of the Constitution by committing excessive force, which hold these three officers in violating of the 14th amendments failure to interve[ne] by not stepping in [and] stopping officers Mays. … I was bleeding from my head and face, I was out conscience, and did not receive medical treatment.

*Id.* at 5-6.  Plaintiff alleges he suffered lacerations to his legs, wrists, and face, but also harm to his head that still causes headaches.  *Id.* at 6.  For relief, plaintiff seeks monetary damages against all four defendants, totaling $150,000.  *Id.* at 8.

## Discussion

Plaintiff alleges that Officer Mays used excessive force when arresting him and that the other three defendants failed to protect him from this use of force.  The Court finds that plaintiff's amended complaint states a claim of excessive force against Mays and a claim of failure to intervene to prevent that use of force against defendants Perkins, Smith, and Tinsley.

As plaintiff was not a convicted and sentenced prisoner at the time of arrest, the Court construes this claim under the Fourth Amendment.  "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers."  *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018) (internal citation omitted); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the

---

defendants as named in the initial complaint and as named in the factual allegations of the amended complaint.  *Id.* at 5-6.  The Court will direct the Clerk of Court to update the docket sheet accordingly.

person"); *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen") (internal quotations omitted).  The violation of this right is sufficient to support an action under §1983.  *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

> The Eighth Circuit recently explained how to evaluate such claims:

> When evaluating a Fourth Amendment excessive force claim under § 1983, we consider "whether the amount of force used was objectively reasonable under the particular circumstances." *Michael v. Trevena*, 899 F.3d 528, 532 (8th Cir. 2018). We evaluate the reasonableness of the force used from the perspective of a reasonable officer on the scene, not with the benefit of hindsight.  *Id.*  This evaluation entails careful consideration of the case's particular facts and circumstances, including: "(1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight."  *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989)).  We may also consider the result of the use of force. *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003).

*Kohorst v. Smith*, 968 F.3d 871, 876 (8th Cir. 2020).

Taking plaintiff's factual allegations as true, Officer Mays, after placing plaintiff in handcuffs, grabbed plaintiff's throat and hit his head on the ground until he was unconscious. Plaintiff suffered multiple lacerations and a head injury that still causes headaches.  Plaintiff's amended complaint contains enough factual allegations to state a claim of excessive force against Officer Mays.  *See Blazek v. City of Iowa City*, 761 F.3d 920, 925 (8th Cir. 2014) (quoting *Henderson v. Munn*, 439 F.3d 497, 503 (8th Cir. 2006) ("when a person is subdued and restrained with handcuffs, a 'gratuitous and completely unnecessary act of violence' is unreasonable and violates the Fourth Amendment.")); *see also Johnson v. Grisham*, 827 F.

App'x 612 (8th Cir. 2020) (reversing preservice dismissal of excessive force claim because it was not clear that "the allegations … have no arguable basis in law or fact").[2]

According to plaintiff, defendants Perkins, Smith, and Tinsley stood by as Mays used excessive force on him and they did nothing to intervene. Under the Fourth Amendment, a police officer may be held liable for failing to intervene to prevent the unconstitutional use of excessive force by another officer. *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009) (citing *Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009) (finding case law clearly established on this right as of July 2006)). "To establish a failure to intervene claim, however, the plaintiff must show that the officer observed or had reason to know that excessive force would be or was being used." *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015) (internal quotation and citation omitted); *see also Krout*, 583 F.3d at 565 (explaining that police officer had duty to intervene to prevent the excessive use of force where "the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration").

Here, the plaintiff states enough factual allegations to survive preservice dismissal on his failure-to-intervene claim against defendants Perkins, Smith, and Tinsley. Although the exact length of their interaction is unclear, plaintiff alleges that Mays slammed his head into the ground until he was unconscious while defendants Perkins, Smith, and Tinsley watched. This is enough time for these three defendants to have reacted in prevention of this alleged excessive

---

[2] It is unclear if plaintiff is attempting to assert a claim of excessive force against Officer Perkins as well. To the extent he is, such a claim fails. Plaintiff states that while Mays was handcuffing him and using excessive force, Officer Perkins had a gun "pointed to his head." ECF No. 4 at 5. An officer's drawing and pointing a weapon at a suspect can constitute excessive force under the Fourth Amendment; however, to be excessive, the gun must be pointed at the suspect for an unreasonably long period of time, and after the police have taken control of the situation. *See Wilson v. Lamp*, 901 F.3d 981, 989-90 (8th Cir. 2018) (finding officers not entitled to qualified immunity on excessive force claim where they kept guns drawn on vehicle driver even after it was determined that driver was not the suspect they were seeking, and even after the driver had been patted down); *Clark v. Clark*, 926 F.3d 972, 979-80 (8th Cir. 2019) (determining that an officer pointing a gun at a suspect "for a few seconds while removing him from his vehicle did not constitute excessive force, and did not violate the Fourth Amendment"). In this case, defendants were still taking control of the situation while plaintiff was being handcuffed. Once cuffed, the allegations do not indicate that the gun was pointed at plaintiff's head for an unreasonably long period of time.

force.  As such, the Court will direct the Clerk of Court to issue process or have process issue against defendant Mays on plaintiff's claim of excessive force and against defendants Perkins, Smith, and Tinsley on plaintiff's claim of failure to intervene.

### Appointment of Counsel

Finally, plaintiff has filed a motion for appointment of counsel.  ECF No. 6.  The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  There is no constitutional or statutory right to appointed counsel in civil cases.  *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim.  *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986).  The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel.  *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).   This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law.  Further, the request for counsel is premature, as defendants have not yet been served and the Court has not issued any Case Management Order.  The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall update the docket sheet to reflect the following four defendants in this matter: (1) Aaron Mays (Kennett Police Officer), (2) Brandon Perkins (Kennett Police Officer), (3) Sheriff Unknown Smith (Dunklin County), and (4) Sheriff Unknown Tinsley (Dunklin County).

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendant Aaron Mays in his individual capacity as to plaintiff's claim of excessive force. Defendant Aaron Mays shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Kennett Police Department, 200 Cedar Street, Kennett, MO 63857.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendants Brandon Perkins, Unknown Smith, and Unknown Tinsley, in their individual capacities, as to plaintiff's claim of failure to intervene. Defendant Brandon Perkins shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Kennett Police Department, 200 Cedar Street, Kennett, MO 63857. Defendants Unknown Smith and Unknown Tinsley shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Dunklin County Sheriff's Office, 1175 Floyd Street, Kennett, MO 63857.

**IT IS FURTHER ORDERED** that defendants shall respond to the amended complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's second motion to proceed *in forma pauperis* [ECF No. 5] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 6] is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that on the Court's own motion, the Clerk of the Court shall amend the caption of this case to read as follows:

Lamad Cross, plaintiff, v. Aaron Mays, et al., defendants, Case No. 1:20-CV-143 AGF. The parties shall use the amended caption on all future filings.

Dated this 28th day of December, 2020.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE